UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE HUMPHREYS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BUDGET RENT A CAR SYSTEM, INC. and VIKING COLLECTION SERVICE, INC.,<br><br>Defendants. | No. 10<br><br>**FILED**<br>MAR 2 5 2010<br>MICHAEL E. KUNZ, Clerk<br>By _____ Dep. Clerk<br><br>JURY TRIAL DEMAND |

## COMPLAINT – CLASS ACTION

Plaintiff, by her undersigned counsel, brings the following Complaint against defendants upon knowledge as to her personal circumstances and, as to all other matters, upon information and belief based, among other things, upon the investigation made by and through her counsel.

### INTRODUCTION

1. This law suit charges defendants Budget Rent A Car System, Inc. and Viking Collection Service, Inc. with overbilling Pennsylvania residents who rent Budget cars in Florida, decline Loss Damage Waiver and then return the cars in a damaged condition.

2. Count One charges Viking with violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. Count Two charges Budget and Viking with violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. § 2270.2 et. seq., which is made actionable by 73 Pa.C.S. § 201-1 et. seq. Count Three seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and § 2202.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Count One pursuant to 15 U.S.C. § 1692(k)(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337. This Court has jurisdiction over Counts Two and Three under 28 U.S.C. § 1367 and 28 U.S.C. § 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because plaintiff's claims arose here in part and because the defendants do business in this district.

## PARTIES

5. Plaintiff Anne Humphreys, is a resident of Pennsylvania and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and applicable state law.

6. Defendant Budget Rent A Car System, Inc. ("Budget") is a wholly owned subsidiary of Avis Budget Group Inc. which is a corporation organized and existing under the laws of Delaware. Budget has its headquarters and principal place of business at 6 Sylvan Way, Parsippany, New Jersey 07054. Budget represents itself to be the owner and franchiser of one of the world's best known car rental brands with more than 1,900 car rental locations in the United States and worldwide.

7. Defendant Viking Collection Service, Inc. ("Viking") is a corporation with its principal place of business in Minneapolis, Minnesota but which does business in Pennsylvania by, among other things, attempting to collect on vehicle damage claims. Viking is a "debt collector" as defined in the FDCPA and applicable state law.

## BACKGROUND

8. In July 2008, Anne Humphreys rented a car from Budget in Florida. The car stalled in a rain storm and was towed back to Budget. Budget provided Ms. Humphreys with a replacement car.

9. On January 27, 2009, Budget sent a letter to Ms. Humphreys, informing her she owed $11,225.55 for damage to the first rented car. Budget took the position that since Ms. Humphreys had declined Loss Damage Waiver she was responsible for any damage to the car which occurred on her watch, regardless of fault.

10. Because Budget notified Ms. Humphreys of the alleged damage more than six months after the incident, Ms. Humphreys credit card company declined to cover the claim. Her insurance company also refused to pay. On March 2, 2009, Ms. Humphreys sent a letter to Budget stating that her insurer and credit card company were not willing to pay and noting: "Since the delay of notification by Budget is what precluded timely submission of a claim, it would seem that the fault lies with Budget."

11. On April 10, 2009, Viking sent a letter to Ms. Humphreys, addressed to her residence in Philadelphia, Pennsylvania, demanding payment in full of the $11,225.55, allegedly owed to Budget.

## DEFENDANTS' DEMANDS ARE EXCESSIVE

12. The demands for payment by Budget and Viking are excessive and unwarranted.

13. Defendants should not have charged Ms. Humphreys anything because Budget's failure to make a prompt demand unduly prejudiced Ms. Humphreys.

14. Moreover, the demand was and is overstated. In calculating the damages it suffered from the loss of the rented car, Budget subtracted the pre-accident **retail** value of the car ($17,434.12) from the amount of money Budget received when it sold the car for salvage, in its damaged condition, in a wholesale market ($6,775.00). This was improper. Since Budget presumably buys cars at wholesale, the pre-accident value of the car should not have been based on retail value. Rather, under both Florida and Pennsylvania law, the pre-accident value of the

car should have been based on the actual wholesale purchase price of the car minus any credits, rebates or other incentives received by Budget and minus any depreciation on the car prior to the incident.

15. To the extent that Budget's rental agreement purports to give Budget the right to use retail value as the measure of the pre-accident value of the car, that portion of the rental agreement is void under both Florida and Pennsylvania law as an impermissible penalty provision.

16. Also, Budget's use of retail value to measure pre-accident value is inconsistent with Budget's own contract. The contract states:

> If the law of a jurisdiction covering this rental requires conditions on LDW that are different than the terms of this agreement, such as if your liability for ordinary negligence is limited by such law, that law prevails.

17. Since Florida and Pennsylvania law require that, in calculating damages, the pre-accident value of damaged chattel purchased at wholesale prices should be based on the wholesale prices actually paid, minus depreciation and incentives or rebates, and not on retail value, Budget should not have used retail value in assessing the pre-accident value of the car.

18. Budget also charged plaintiff additional fees: $150 for Appraisal/ Evaluation/ Administrative Fees and another $416.43 for 30 days loss of Revenue/Use multiplied by 70% of the daily rental rate. The $416.43 charge was improper and an impermissible penalty provision under both Florida and Pennsylvania law. The 30 day period used in the calculation was based on the number of days it took Budget to sell the car for salvage. The 30 day period bore no relation to the number of days it took Budget to replace the car (probably only a few days, if that) or the number of days of rental income Budget actually lost due to the incident (which was probably zero).

## COUNT ONE - VIOLATION OF FDCPA BY VIKING

19. Plaintiff incorporates herein by reference paragraphs 1 through 18 above.

20. Plaintiff brings this Count of the Complaint only against Viking.

21. The debt which defendant seeks to collect from plaintiff is a consumer debt within the meaning of the FDCPA and Viking is a debt collector as defined therein.

22. Viking violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from plaintiff which is not expressly authorized by the agreement creating the debt or permitted by law.

23. Viking violated 15 U.S.C. § 1692e(2)(A) by sending plaintiff a collection letter which misrepresented the amount and legal status of plaintiff's alleged debt.

24. Plaintiff believes that she was the victim of a general practice by Viking. Consequently, plaintiff brings this Count as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of (1) all Pennsylvania consumers who rented cars from Budget in Florida and declined Loss Damage Waiver; (2) who received collection letters from Viking; (3) relating to damage to Budget rental vehicles; and (4) after Match 26, 2009. Plaintiff reserves the right to amend this proposed class definition based on discovery.

25. Upon information and belief, the proposed class is so numerous as to make it impractical to bring all members before the Court.

26. There are common questions of law and fact for the proposed class which predominate over any individual issues. Those common questions include the validity of the method by which Budget calculates damages for Pennsylvania customers who are involved in accidents and the appropriate level of class-wide statutory damages.

27. Plaintiff's claims are typical of the claims of the members of the proposed class

and she is an adequate representative of the class she seeks to represent. There are no conflicts between her and other class members.

28. Plaintiff is fully committed to fairly, adequately and vigorously representing and protecting the interest of the members of the class. Plaintiff has retained counsel competent and experienced in class action and consumer litigation for this purpose.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy within the meaning of Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuing class members' claims on an individual basis would be both prohibitively expensive for most class members and inefficient from the standpoint of the judicial system. Plaintiff knows of no material difficulty likely to be encountered in the management of this action that would preclude its maintenance as a class action.

30. Plaintiff and the proposed class are entitled to class-wide statutory damages under the FDCPA, without regard to whether particular individuals were deceived or misled by Viking's collection letters.

## COUNT TWO -- PENNSYLVANIA FAIR CREDIT UNIFORMITY ACT

31. Plaintiff incorporates herein by reference paragraphs 1 through 18 above.

32. Budget is a creditor as defined in 73 Pa.C.S.§ 2270.3.

33. Viking is a debt collector as defined in 73 Pa.C.S.§ 2270.3.

34. Plaintiff is a consumer as defined in 73 Pa.C.S.§ 2270.3.

35. Defendants violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S.§ 2270.4(b)(5)(ii) by their false representation of the amount and legal status of plaintiff's alleged debt.

36. Defendants violated the Pennsylvania Fair Credit Extension Uniformity Act, 73

Pa.C.S. § 2270.4(b)(6)(i) by attempting to collect an amount from plaintiff which is neither expressly authorized by the agreement creating the debt nor permitted by law.

37. Defendant Viking violated 73 Pa.C.S. § 2270.4(a) by violating 15 U.S.C. § 1692, as described above.

38. Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. § 201-1 et. seq.

39. Plaintiff believes that she was the victim of a general practice. Consequently, plaintiff brings this Count as a class action pursuant to Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of (1) all Pennsylvania consumers; (2) who rent or rented cars from Budget in the State of Florida and decline or declined Loss Damage Waiver; (3) receive or received demand or collection letters from Budget or Viking relating to damage to Budget rental vehicles after March 26, 2008, and (4) either paid the bill or were reported as delinquent to credit reporting agencies because they did not pay the bill. Plaintiff reserves the right to amend this proposed class definition based on discovery.

40. Upon information and belief, the proposed class is so numerous as to make it impractical to bring all members before the Court.

41. There are common questions of law and fact for the proposed class which predominate over any individual issues. Those common questions include the validity of the method by which Budget calculates damages for Pennsylvania customers who decline Loss Damage Waiver and the appropriate level of class-wide statutory damages.

42. Plaintiff's claims are typical of the claims of the members of the proposed class and she is an adequate representative of the class she seeks to represent. There are no conflicts

between her and other class members.

43. Plaintiff is fully committed to fairly, adequately and vigorously representing and protecting the interest of the members of the class. Plaintiff has retained counsel competent and experienced in class action and consumer litigation for this purpose.

44. As a result of defendants' violations, plaintiff and the members of the Class have suffered ascertainable losses entitling them to an award of treble damages and attorneys' fees pursuant to 73 Pa.C.S. § 201-9.2.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy within the meaning of Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuing class members' claims on an individual basis would be both prohibitively expensive for most class members and inefficient from the standpoint of the judicial system. Plaintiff knows of no material difficulty likely to be encountered in the management of this action that would preclude its maintenance as a class action.

46. Plaintiff and the proposed class are entitled to statutory damages under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. § 201-1 et. seq. based on defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act. Because violation of the Fair Credit Extension Uniformity Act is a per se violation of the Unfair Trade Practices and Consumer Protection Law, it does not matter whether particular individuals were deceived or misled by defendants' illegal demand and collection letters.

## COUNT THREE -- DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

47. Plaintiff incorporates herein by reference paragraphs 1 through 18 above.

48. There is an actual controversy between plaintiff and Budget as to how much, if anything, she owes at this time because of the damage to her rental car. There is also an actual

controversy between plaintiff and Budget as to the validity and enforceability of certain provisions of her rental contract.

49. To resolve this controversy, plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and an injunction against further collection efforts by Budget and its agents pursuant to 28 U.S.C. § 2202.

50. The controversy involves legal and factual issues that impact other residents of Pennsylvania. Consequently, plaintiff brings this Count as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of (1) all Pennsylvania consumers; (2) who rent or rented cars from Budget in the State of Florida and decline or declined Loss Damage Waiver; (3) and receive or received demand letters from Budget relating to damage to Budget rental vehicles after April 1, 2004. Plaintiff reserves the right to amend this proposed class definition based on discovery.

51. Upon information and belief, the proposed class is so numerous as to make it impractical to bring all members before the Court.

52. There are common questions of law and fact for the proposed class, such as the validity of the method by which Budget calculates damages for Pennsylvania customers who are involved in accidents.

53. Plaintiff's claims are typical of the claims of the members of the proposed class and she is an adequate representative of the class she seeks to represent. There are no conflicts between her and other class members.

54. Plaintiff is fully committed to fairly, adequately and vigorously representing and protecting the interest of the members of the class. Plaintiff has retained counsel competent and experienced in class action and consumer litigation for this purpose.

55. Budget has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole within the meaning of Rule 23(b)(2) of the Federal Rules of Civil Procedure.

56. Plaintiff and the proposed class are entitled to a declaratory judgment that Budget's method of calculating damages to rental cars is inconsistent with and a violation of Florida and Pennsylvania law.

57. Plaintiff and the proposed class are also entitled to an injunction against Budget pursuing collection efforts for alleged debts calculated using the improper method.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that the Court grant judgment against defendants as follows:

a. certifying this action as a Class Action with the classes for separate counts as defined above and with plaintiff as the representative of the classes;

b. awarding plaintiff and the classes appropriate statutory and compensatory damages together with interest;

c. declaring that Budget's method of calculating damages for damages to rental cars violates Pennsylvania and Florida law;

d. enjoining Budget from pursuing collection efforts against class members;

e. ordering defendants to pay costs, penalties, and attorneys fees;

f.  granting such other relief as the Court deems just and proper.

                          ANN MILLER, LLC

By: *Ann Miller*
Ann Miller

Ann Miller, LLC
834 Chestnut Street, Suite 206
Philadelphia, PA. 19107
(215) 238-0468
am@attorneyannmiller.com
*Counsel for Plaintiff*

OF COUNSEL:

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 960-1802